FILED
2018 Aug-09  AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JUAN-DIEGO ÁVILA ZAVALA,** | ) | |
| *Plaintiff,* | ) | |
| *v.* | ) | |
| | ) | |
| **DONALD WAYNE SEXTON,** | ) | **Case Number:** |
| **ALACO, LLC,** | ) | **2:17-cv-02168-AKK** |
| **DAVID E. PARTON,** | ) | |
| **DAVID PARTON , Jr.,** | ) | **JURY TRIAL** |
| **CURTIS LAWS,** | ) | |
| **WARRIOR INVESTMENT Co., Inc.** | ) | |
| **RONALD BRYANT,** | ) | |
| **PROSPECT MINING &** | ) | |
| **DEVELOPMENT Co., LLC** | ) | |
| **and CORDOVA RESOURCES** | ) | |
| **MANAGEMENT, Inc.** | ) | |
| *Defendants.* | ) | |

# FIRST AMENDMENT OF THE COMPLAINT

Plaintiff Juan Diego Ávila Zavala ("Plaintiff") files this First Amendment of the Complaint stating as follows:

Charges of sexual harassment with the Equal Employment Opportunity Commission ("EEOC") were filed, and the right-to-sue letters were received November 10, 2017 and a Complaint was filed with the Court.

Defendant Warrior Investment Co., Inc. had made misrepresentations of material fact to the EEOC and a new right to sue letter was issued on April 17, 2018, attached as **Bates # 028**.

The added defendants in this First Amendment of the Complaint are two "joint employers": Prospect Mining & Development Co., LLC, and Cordova Resources Management, Inc. The respective EEOC's right-to-sue letters were also issued on April 17, 2018 and presented to the Court in the Motion for Leave of Court to Amend the Complaint, *(there attached as **Bates #'s 029 – 030**).*

**Introduction**

1.    Plaintiff claims under Title VII of the Civil Rights of 1954 ("Title VII"), and under 42 U.S.C. §1981 ("Section 1981"), and states additional claims under the pertinent Alabama Law.

2.    Plaintiff, a male laborer working in the underground coal-mine known as the Maxine-Pratt-Mine ("Mine") was sexually harassed, sexually assaulted and sexually battered in several occasions by his immediate male supervisor, defendant Donald Wayne Sexton ("Sexton"), during working hours at the Mine.

3.    The sexual harassment from Sexton was properly reported to several people including his placement employer who then reported it to the director of the Mine. Plaintiff also reported it to the Mine's superintendent, but nothing was done, instead, following his complaint to them, the work environment under the same supervisor, Sexton, became an even more hostile work environment.  Plaintiff complained once more about it, but the work environment became more oppressive and he was shortly thereafter wrongfully terminated.

4.   Two other Hispanic males working at the Mine had been similarly sexually abused by defendant Sexton, but no action was ever taken against him.

**Legal causes of action**

5.   Plaintiff claims against his male supervisor Donald Wayne Sexton ("Sexton") individually, for sexual assault and battery, invasion of privacy, outrageous conduct based in egregious sexual harassment, and negligent and reckless and wanton conduct.

6.   Plaintiff claims against the corporate defendants under Title VII. The corporate defendants or "joint employers" are as follows: Alaco, LLC ("Alaco"); Warrior Investment Company, Inc. ("Warrior"); Prospect Mining Development Co., LLC ("Prospect"); and Cordova Resources Management, Inc. ("Cordova"), **(heretofore referred as "Joint Employers" or as "Corporate Defendants").** Plaintiff claims against these Corporate Defendants for willfully and wantonly ignoring and disregarding the complaints and reports about defendant's Sexton sexual abuses, for allowing him to continue in his position as supervisor while continuing abusing sexually workers under his supervision, and even punishing them when refusing his sexual advantages which resulted and created an abusive working environment with insult, contumely, and humiliation. Plaintiff claims against the Corporate Defendants, under Title VII for recklessly allowing a <u>hostile</u>

work environment, and for recklessly allowing such a <u>dangerous</u> work environment.

7.      Plaintiff additionally claims against the Corporate Defendants for the negligent hiring and/or retaining, for breach of an implied contract and/or breach of warranty, for negligent conduct or reckless and wanton conduct, and for wrongful discharge.

8.      Plaintiff also claims against the Corporate Defendants under 42 U.S.C., §1981 as made part of the Civil Rights Act of 1991 which prohibits retaliation as well as direct discrimination on account of race-based reasons under the premise that "protection against retaliation is essential to the protection against discrimination itself". Section 1981, as amended, encompasses retaliation claims.

9.      Plaintiff claims negligence, reckless and wanton conduct against David E. Parton ("Parton") individually, and David Parton Jr. ("Parton Jr.") individually, who were told by Jesús Hernández of the job placing company Help about the complaints received by Plaintiff related to the sexual harassment by Sexton but took no action and further engaged in a misleading behavior to cover their omissions although having a legal duty to act.

10.      Plaintiff claims negligence, reckless and wanton conduct against his superintendent Curtis Laws ("Laws") individually, as he was one of the persons to whom the sexual harassment by Sexton was also reported by Plaintiff, but

negligently or wantonly ignored it and took no action to prevent further occurrences.

11.     Plaintiff claims negligence, reckless and wanton conduct against Ronald S. Bryant ("Bryant") individually, as he was aware or should have been aware of the sexual harassment conduct by Sexton but did nothing about it.

**The original jurisdiction, and the supplemental jurisdiction of this Court comes under the following precepts:**

12.     This Court has Jurisdiction under the following precepts:

    a.     Original jurisdiction as there is a Federal issue involving violations of Title VII of the Civil Rights Act of 1964.

    b.     Original jurisdiction as there is also a Federal issue involving violations of 42 U.S.C. §1981, as made part of the Civil Rights Act of 1991.

    c.     Original jurisdiction under 28 U.S. Code §1332 as the Plaintiff is a citizen or subject of a foreign state, and all the Defendants are citizens of the state of Alabama, and the matter in controversy exceeds $75,000 exclusive of interest and costs.

13.     This Court has supplemental jurisdiction pursuant to *28 U.S. C. §1367(a)* for the Alabama State law claims, as these claims are "So related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

14.    Pursuant to *Fed. R. Civ. P. 8(c)(2)*, the Plaintiff is hereby entitled to plead inconsistent claims in the alternative. Plaintiff can plead two or more claims, each of which entails the negation of the other claim, so long as one does not intend to win on both. If a court decides that one claim lacks merit, it does not follow that the court did not have jurisdiction.

**Biographical data**

15.    Plaintiff is a Hispanic foreign national who was working as laborer at the Maxine-Pratt Mine ("Mine") in Jefferson County, Alabama. The Mine is an underground coal-mine, and Plaintiff's job was to operate a machine making cuts inside the Mine's walls to extract coal. The Mine was operated and managed by Warrior and Alaco together with Prospect and Ventura under a business venture to exploit and/or administer the business of the Mine jointly. The Corporate Defendants as employers used the company Help for the hiring of Plaintiff. Plaintiff is a married man with two minor children under his care

16.    Defendant Sexton was the immediate male supervisor of Plaintiff, hired and retained by the Corporate Defendants, with authority over the labor workers at the Mine. Sexton regulated and controlled the laborers as to time, place, hours, and working shifts, and as such, he directed and controlled their work and

location inside the Mine for extracting the coal. Sexton sexually abused Plaintiff in several occasions and had a history of having done similar acts to other Hispanic workers.

17.     Defendant Alaco is a domestic corporation having employed at certain times far over 15 employees by itself, and together with Warrior they reached over 100 employees. The Corporate Defendants had full authority over Sexton. After the serious incidents giving rise to this case were exposed, Alaco and Warrior made a series to transactions to elude civil liability.

18.     Defendant Warrior is a domestic corporation which employs over 50 employees.  During the relevant time period in this case, or the years 2015 and 2016, Warrior exploited and operated the Mine jointly with Alaco, and both had jointly and separately full authority over Sexton. The owner of Warrior is defendant Ronald S. Bryant ("Bryant").

19.     Defendant Prospect is a domestic corporation employing over 50 employees.  Bryant was an owner and officer of Prospect.

20.     Defendant Cordova is a domestic corporation employing over 50 employees. Bryant was an owner and officer of Cordova.

21.     Defendants Parton, and Parton, Jr. are the owners, general managers of Alaco, and supervised the Mine's operations in a joint business venture with Warrior, Prospect, and Cordova as Joint Employers.

22.    Defendant Laws was the Superintendent of the Mine. He worked at the Mine and was employed by the Corporate Defendants. Plaintiff also reported to him the sexual assault and battery by Sexton, but nothing was done.

23.    Help is a labor placement agency to whom the sexual harassment conduct was also reported by Plaintiff to its president, Jesús Hernández, sometime after the second assault and battery by Sexton, and after a history of sexual harassment. Hernández stated to the EEOC in writing that he reported Plaintiff's complaint about Sexton to Donald Parton Jr. The fact is that none of the Corporate Defendants took any action against Sexton, but instead he continued in charge of the laborers. The hostile work environment became much worse for Plaintiff who was left to work under the same predator supervisor who retaliated against him by using foul language, giving him harder tasks, and demanding more work hours from Plaintiff.  The Corporate Defendants had notice and knowledge of Sexton's sexual harassment an egregious conduct to Hispanic males and in particular to Plaintiff's but took no action against Sexton.

**The facts in this case are as follows:**

24.    Plaintiff started working for the Corporate Defendants on November 15, 2015, as a laborer at the Mine making cuts inside the Mine for the extraction of coal under the supervision and control of his supervisor defendant Sexton.

25.     All sexual assaults, battery and sexual harassment by defendant
Sexton took place in different occasions while I was performing my job at the
Maxine-Pratt Mine. Starting in the month of early May 2016 there was mostly
sexual innuendo and the work environment was very hostile, and became
dangerous given the work of the Mine.  During June and July 2016, in addition to
hostile work environment created by Sexton's and sexual verbal advances during
prior months, the Plaintiff was sexually assaulted and physically battered twice by
his supervisor Sexton involving egregious physical sexual contact which
culminated during November 2016. This was reported to Help, Inc. through Jessi
Hernández around August/September 2016. Plaintiff was terminated by Alaco*, et
al.* on November 2, 2016.

26.     Plaintiff was working daily a minimum of ten (10) hours, from 4:00
P.M to 2:00 A.M.  There were no breaks, and a sandwich was had while working.
The work in this underground Mine is hard, and while Plaintiff took a few minutes
to lay down on the Mine's floor to stretch his back which was hurting because he
was tired, his supervisor, Sexton, came and raised Plaintiff legs and lay on top of
him, and while grabbing Plaintiff by the hips he started hunching on him rubbing
his genitalia on top of Plaintiff's genitalia while exerting force and restricting
Plaintiff ability to free himself.  Plaintiff verbally and physically was fighting him
back. Plaintiff refused Sexton sexual behavior. Plaintiff reported the incident to the

Superintendent of the Mine, Curtis Laws, but nothing was done, and Plaintiff was placed back to work to continue under the same supervision and control of Sexton.

27.     During July 2016, Sexton mounted again on top of Plaintiff, this time on his back, while Plaintiff was taking a few minutes to lay down on the floor to stretch and Sexton mounted on Plaintiff's back simulated having sex with Plaintiff while rubbing his genitalia against his lower back with force and while subduing him from the hips. Plaintiff fought Sexton out to free himself and Sexton used very profane language against him. This was reported again, but  Plaintiff was left to continue working in the same area of the Mine, and under the same supervision and control of Sexton.

28.     Two co-workers of Plaintiff were also sexually harassed by defendant Sexton and then terminated, but after Plaintiff reported Sexton's sexual harassment behavior to Help, the two co-workers were rehired.

29.     Sexton made sexual advances, used sexual innuendo, and perpetrated egregious sexual assault and battery against Plaintiff, and although Plaintiff reported it, the Corporate Defendants willfully and wantonly ignored these complaints, and the working environment became abusive, very hostile, adverse, humiliating, and dangerous for the coal miners under Sexton's supervision.

30.     After the second report by Plaintiff about Sexton's egregious sexual behavior, Sexton reacted in a more retaliatory manner making Plaintiff's work

more difficult, demanding longer work schedule than the ten or eleven hours per day he was already working, and menacing to terminate him.  In fact, Plaintiff was terminated shortly thereafter.

**The wrongful acts and omissions are as follows**:

*For each and every Count Plaintiff hereby reasserts and incorporates by reference the statements, legal counts, and actual allegations made supra, and further hereby states the wrongful acts and omissions by the Defendants and the legal basis for each count of this Complaint.*

**COUNT  I        TITLE VII VIOLATIONS - Civil Rights Act 1964**

31.    Plaintiff asserts sex discrimination, which includes sexual harassment, against the Corporate Defendants for the creation of a hostile work environment and for allowing such hostile work environment to continue. The workplace during and after the sexual harassment by Sexton became a place with discriminatory intimidation, insult, and ridicule, to such point and degree that altered the conditions of Plaintiff's employment while creating an abusive working environment. The work environment became subjectively and objectively hostile. This harassment involved physical invasion and physical abuse making the hostility of the work environment more severe than when mere lewd or offensive comments were involved during earlier months.

32.     Plaintiff claims under the Civil Rights Act of 1964, 42 U.S.C., as the Supreme Court has construed Title VII to allow hostile work environment claims where the harasser and the victim are of the same sex.

33.     Plaintiff is a member of a protected class. He was subjected to unwanted and unwelcome sexual harassment at the hands of Sexton, who was his immediate supervisor. Plaintiff has complained to the Corporate Defendants, and the harassment complained of was based on sex. The continued sexual harassment created a hostile work environment. The Corporate Defendants did not act and did not take any corrective action, and consequently, they are liable.

34.     The Corporate Defendants knew or should have known of the sexual harassment perpetrated by Sexton, but failed to take any prompt action, and much less to take any corrective action to free Plaintiff from Sexton, or to remove Sexton, or to discharge Sexton immediately.

35.     Plaintiff claims from the Defendants jointly and severally are for compensatory damages as allowed in subsection (b) of the Civil Rights Act of 1964.

36.     Plaintiff claims from the Defendants jointly and severally punitive damages as these Defendants jointly and severally engaged with malice in discriminatory practices, and/or engaged in a wanton reckless indifference to Plaintiff's federally protected rights. Alabama Code defines "Malice" as "The

intentional doing of a wrong act without just cause or excuse"; and "Wantonness" as "Conduct which is carried on with a reckless or conscious disregard of the rights or safety of others".

37.    Plaintiff claims damages under Title VII to recover compensatory damages for emotional distress, mental suffering, inconvenience, mental anguish, loss of enjoyment of life, and any claims or pecuniary loses under 42 U.S.C. §1981a(b)(3). Plaintiff claims additionally from the Corporate Defendants under any other relief authorized by §706(g) of the Civil Rights Act of 1964.

### COUNT  II        42 U.S.C. §1981 RETALIATION AND DIRECT DISCRIMINATION BASED ON RACE

38.    Plaintiff is a Hispanic male who was discriminated by the Corporate Defendants on account of race and/or ethnicity as they ignored his claims of sexual harassment perpetrated by his direct supervisor Sexton and later retaliated against him for complaining.

39.    Plaintiff was afraid of retaliation to lose his job at the Mine, and although he endured lighter forms of sexual harassment from Sexton time before May 2016, when the sexual harassment became very physical and violent he reported the acts to Help who reported the same to Alaco, and Plaintiff also reported the sexual harassment to Curtis Laws who was the Superintendent at the Mine employed by the Corporate Defendants. Plaintiff's claims were ignored by

the Corporate Defendants on account of being Hispanic. Claims of any nature made by non-Hispanics were attended promptly by the Corporate Defendants.

40.     Plaintiff was retaliated against with harder work and placements at the Mine after reporting Sexton's conduct and was wrongfully terminated from his job in retaliation.

41.     Plaintiff claims from the Corporate Defendants jointly and severally compensatory damages for emotional distress and mental suffering, inconvenience, mental anguish, loss of enjoyment of life, backpay, interest on backpay, and any claims or pecuniary loses under 42 U.S.C. §1981, and under any other relief authorized by Section 1981. Plaintiff also claims from the Corporate Defendants jointly and severally, punitive damages as these Corporate Defendants engaged with malice in discrimination on account of race.

## COUNT   III     SEXUAL ASSAULT AND BATTERY BY DEFENDANT DONALD WAYNE SEXTON

42.     "An assault and battery is defined as any touching by one person of the person or clothes of another in rudeness, in anger, or in a hostile manner. An intent to injure is not an essential element to constitute an assault ". *Peterson v. BMI Refractories, 132 F 3d 1405 (11th Cir 1998); Taylor v. State of Ala., 95 F. Supp. 2d 1297 (M.D. Ala. 2000); Cartwright v. Tacala, Inc. 2000 U.S. Dist. (N.D. Ala. Nov. 1, 2000).*

43.     Plaintiff was assaulted and battered by defendant Sexton when he mounted on top of him in several occasions and hold him with force while simulating forcefully performing sexual acts against his will.  One simulating sex from the front, on top of him, and the other by mounting him from the back and simulating also having sex with him forcefully.

44.     Plaintiff refused all the time the sexual advances and sexual harassment by Sexton. Plaintiff reported such incidents to the Superintendent of the Corporate Defendants, Laws, and also to Help.  The Corporate Defendants had or should had notice and knowledge.

**COUNT III        INVASION OF PRIVACY**

45.     Plaintiff was tired from work and his back was hurting, and while resting on the floor of the Mine stretching his back for a few minutes he was sexually attacked, he was assaulted and battered by Sexton against his will.

46.     Sexton intruded into Plaintiff sex life in an offensive and very objectionable form, consequently invading his privacy rights and his right to solitude and his right to rest for a few minutes to stretch his back due to the labor at the Mine.

47.     Sexton intruded upon Plaintiff's physical solitude and seclusion while taking some restful moments due to hard work labor at the Mine.  Such intrusion

would be highly objectionable and very offensive to the reasonable person, and certainly to the "reasonable" and tired person needing to stretch his back.

48.     The Corporate Defendants received proper notice in more than one occasion, and they knew or should have known that Sexton's sexual harassment acts constituted acts of invasion of privacy against Plaintiff, inter alia.

49.     Sexton's wrongful acts were performed in the "line and scope of his employment" with the Corporate Defendants. Defendants are legally imputed with notice and knowledge and therefore, they are vicariously liable.

### COUNT IV        OUTRAGEOUS CONDUCT BASED ON EGREGIOUS SEXUAL HARASSMENT

50.     The tort of outrage provides a remedy for "extreme and outrageous conduct" *American Road Service Co. v. Inmon*, 394 So. 2d 361,365 (Ala. 1980).

51.     The conduct of supervisor Sexton in his work place to sexually attack a laborer while he is trying to get some rest after the heavy and dangerous work in an underground mine is a violation of public policy.  Such conduct constitutes an egregious sexual harassment conduct. There is economic coercion in Sexton's sexual harassment, and there is abuse of power by a supervisory person. The *Inmon, Id.* test is met by the nature of the egregious sexual conduct displayed, and the humiliation, and frustration endured by Plaintiff.

52.     Plaintiff has endured, a long term medical treatment for his mental distress on account of the acts and omissions making the basis of this case and has incurred costs and damages.

## COUNT   V        NEGLIGENT HIRING AND/OR RETAINING

53.     The corporate Defendants, jointly and severally, hired and mostly retained Sexton in the work place in charge of supervising the laborers he was sexually harassing for long time.

54.     The Corporate Defendants had notice and knowledge or should have known that Sexton would repeat his acts of sexually harassing the laborers under his supervision, as he did to Plaintiff. The Corporate Defendants were well aware, or should had been aware, that the acts of sexual assault and battery by Sexton would be repeated.

55.     The Corporate Defendants did nothing, but to keep Sexton, in the same place, in the same job and position to this date, and repeated assaults against Plaintiff took place. The Corporate Defendants jointly and severally failed to timely and promptly terminate Sexton. That constitutes negligent retaining of a sexual predator worker about whose acts they knew or should have known.

### COUNT   VI      BREACH OF AN IMPLIED CONTRACT AND/OR BREACH OF WARRANTY

56.     The Corporate Defendants are jointly and severally vicariously liable for Sexton's wrongful acts against Plaintiff as they breached an implied contract and/or there is a breach of warranty resulting in Plaintiff's damages and injuries.

57.     There exists an implied contract between Plaintiff and the Corporate Defendants creating a duty upon each of them jointly and severally.

58.      The Corporate Defendants have a duty to protect Plaintiff against others, and against unreasonable risk of harm. Defendants were informed of the sexual abuse by Sexton, but they ignored it and did nothing. In fact, Alaco and Parton have hidden facts, and have spoiled evidence to avoid their own liability.

59.     The Corporate Defendants are jointly and severally vicariously liable for the acts and omissions of its employees, agents, and assigns, and in particular those wrongful acts of defendant Sexton against Plaintiff.  These Defendants breached a duty owed to Plaintiff.

### COUNT   VII      NEGLIGENT CONDUCT, AND/OR WANTON CONDUCT BY THE CORPORATE DEFENDANTS AND THE INDIVIDUAL DEFENDANTS

60.     Plaintiff claims that the Corporate Defendants engaged jointly and severally in negligent and/or wanton conduct and violated their duties legally owed to him by not taking immediate action to terminate Sexton, or place Plaintiff to

work under another supervisor, and/or place Plaintiff in another safer place.  On

account of their own negligence and/or reckless and wanton conduct, these

Corporate Defendants are held liable for the injuries and damages caused by

Sexton to Plaintiff and for whichever other remedies allowed by law.

61.     Plaintiff claims against David E. Parton individually for negligent, an

reckless, and wanton conduct for ignoring Plaintiff's pleads and claims of sexual

harassment and abuse by his supervisor, Sexton.

62.     Plaintiff claims against David Parton Jr, individually for negligent,

reckless, and wanton conduct for ignoring Plaintiff's pleads and claims of sexual

harassment and abuse by his supervisor, Sexton.

63.     Plaintiff claims against Curtis Laws, individually for negligent.

Reckless, and wanton conduct for ignoring and for not taking immediate action

against Sexton after Plaintiff complained to him about the sexual harassment and

abuse by Sexton.

64.     Plaintiff claims against Ronald S. Bryant, individually for negligent,

Reckless, and wanton conduct for ignoring Plaintiff's pleads and claims of

sexual harassment and abuse by his supervisor Sexton.

## COUNT   VIII     WRONGFUL DISCHARGE

65.     Plaintiff was wrongfully terminated when the Corporate Defendants, either jointly or severally, terminated him in violation of his constitutional and civil rights after reporting Sexton's sexual abuse and harassment against him.

66.     Plaintiff was wrongfully terminated on November 2016, shortly after he reported additional incidents of sexual abuses by Sexton. Alabama makes exceptions to the employment at will rule where the employee's termination involves circumstances that violate some "public policy", and that would even include "constructive termination" under Alabama law.

67.     Plaintiff claims against the Corporate Defendants compensatory and punitive damages for his wrongful termination caused by his reports to the Corporate Defendants that actions of sexual harassment, and actions in violation of public policy were taking place against him at the hands of his supervisor, and with the knowledge of the Mine's Superintendent, and the Corporate Defendants who knew or should have known about the pervasive sexual conduct of Sexton towards the Hispanic laborers at the Mine, and in particular to the Plaintiff.

**Proximate cause:**

## INFLICTION OF EMOTIONAL DISTRESS

68.     Plaintiff is a married man with two small children under his care and expense. Plaintiff derived the money to maintain his family from the work done for the Corporate Defendants at the Mine.

69.     Plaintiff was very afraid to lose his job when Sexton was sexually assaulting him and providing a hostile work environment to Plaintiff, never the less, he reported it twice.

70.     During that time of the sexual harassment and hostile work environment, and later on after Plaintiff was discharged from his work at the Mine, Plaintiff suffered emotional distress requiring long medical care, and expenses.

71.     As a proximate cause of the negligence and wrongful acts of each Defendant, jointly and/or severally, the Plaintiff suffered damages and endured medical care for mental distress, medical expenses, and loss of wages, as Plaintiff became unable to work for a period of time.

**General list of damages claimed:**

72.     For each and every Count, Plaintiff holds liable:

A.     The Corporate Defendants, its agents, servants, employees, and assigns, *and*

B.     The individual Defendants jointly and severally for:

1. Compensatory damages;

2. Punitive damages;

3. Backpay under §1981, since the date of retaliation;

4. Mental distress and mental anguish damages;

5. Attorney's fees, and litigation costs;

6. Any other damage allowed by la

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against each and every Defendant, and against his/its agents, employees, and assigns, jointly and severally.

Respectfully submitted,

## PLAINTIFF DEMANDS A STRUCK JURY FOR THE TRIAL OF THIS CASE

/s/ Vicenta Bonet-Smith
VICENTA BONET-SMITH
*Attorney for the Plaintiff*

Of Counsel
**BONET & SMITH, PC**
3499 Independence Drive
Birmingham, AL 35209
Telephone:   (205) 870-2222
Fax:            (205) 870-3331
E-mail:      *Vicenta@bonetsmith.com*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify having served a copy of the foregoing documents upon all the parties of record in this case by using the District Federal Court electronic filing system which Will automatically serve a notice to them.
Done on this **9th day of August, 2018.**

<u>/s/ Vicenta Bonet-Smith</u>
Of Counsel

# <u>S E R V I C E</u>

Please serve defendants as follows:

**PROSPECT MINING & DEVELOPMENT CO., LLC**
**2002 2nd Avenue**
**Jasper, AL 35501**

**CORDOVA RESOURCES MANAGEMENT, INC.**
**218 Highway 195**
**Jasper, AL 35503**