# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

JUAN DIEGO AVILA-ZAVALA,

  **Plaintiff,**

v.

DONALD WAYNE SEXTON, et al.,

  **Defendants.**

Civil Action Number
**2:17-cv-02168-AKK**

## MEMORANDUM OPINION AND ORDER

Juan Diego Avila-Zavala brings this employment action against his former employers and several individuals, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981 ("Section 1981"), and Alabama state law. Doc. 38. This action is currently before the court on Warrior Investment Co., Inc. ("Warrior"); Prospect Mining & Development Co., LLC ("Prospect"); Cordova Resources Management, Inc. ("Cordova"); and Ronald Bryant's motion to dismiss. Doc. 44.[1] The motion is fully briefed and ripe for review, docs. 44 and 45, and is due to be granted in part.

---

[1] The court will refer to Warrior, Prospect, and Cordova as the "Prospect Mining Defendants."

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must . . . state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations omitted) (internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). When considering a motion to dismiss under Rule 12(b)(6), the court accepts "the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Hunt v. Aimco Props., L.P.* 814 F.3d 1213, 1221 (11th Cir. 2016).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Zavala worked in the Maxine-Pratt Mine, which was jointly operated by Alaco, LLC ("Alaco") and the Prospect Mining Defendants. Doc. 38 at 6-8. While working at the mine, Zavala's supervisor, Donald Wayne Sexton, sexually harassed and assaulted him. *Id.* at 2, 9-10. On two occasions while Zavala was on a break, Sexton grabbed Zavala by the hips and made forceful pelvic thrusting motions against Zavala's body while restricting his movement. *Id.* at 9-10. Zavala reported the harassment and assaults, but the Prospect Mining Defendants and Alaco took no actions against Sexton. *Id.* at 2, 8-10. Instead, they discharged Zavala on November 2, 2016. *Id.* at 9, 11.

Zavala filed charges of discrimination against the Maxine Pratt Mine and Alaco on November 14, 2016 and December 28, 2016, asserting that Sexton sexually harassed him in June 2016 and that discriminatory conduct occurred between June 13, 2016 and November 2, 2016. Docs. 22-1; 22-2. The Equal Employment Opportunity Commission ("EEOC") issued a right to sue letter on January 11, 2017. Doc. 8 at 7. Zavala then filed this action eleven months later, asserting claims against Sexton, Alaco, David E. Parton, David Parton, Jr., Curtis Laws, Warrior, and Bryant for violations of Title VII and Alabama state law. Doc. 1. Because Title VII does not provide relief against individuals, *see Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991), the court dismissed Zavala's Title

VII claims against the individual defendants with prejudice. Docs. 14; 35. Thereafter, the court granted Zavala's motion to amend to add claims against Prospect and Cordova. Docs. 32 and 37.

**III. ANALYSIS**

In his Amended Complaint, Zavala asserts claims against the Prospect Mining Defendants for sex discrimination and sexual harassment under Title VII, race discrimination and retaliation under Section 1981, and for the torts of assault and battery, invasion of privacy, outrage, negligent hiring and retention, breach of implied contract, negligence and wantonness, and wrongful discharge. Doc. 38 at 11-22. Zavala also asserts negligence and wantonness claims against Bryant individually. *Id.* The Prospect Mining Defendants and Bryant have moved to dismiss all claims against them, arguing that Zavala failed to plead viable claims against them.

    A.    <u>Claims Against Bryant</u>

The Prospect Mining Defendants and Bryant argue in part that Zavala failed to plead sufficient facts to support his negligence and wantonness claims against Bryant. *See* doc. 44 at 6-9. To state a cognizable claim for negligence or wantonness, a plaintiff must allege facts showing that the defendant breached a duty he owed to the plaintiff. *See e.g., Smith v. AmSouth Bank, Inc.*, 892 So. 2d 905, 909 (Ala. 2004). Zavala's sole factual allegations against Bryant, the owner

4

or President of Warrior, is that Bryant "was aware or should have been aware of the sexual harassment conduct by Sexton but did nothing about it." Doc. 38 at 5, 7, 19. *See also* doc. 8 at 2. However, Zavala cited no authority recognizing a common law duty for an individual to address sexual harassment in the workplace, *see* doc. 45, and the court is aware of no such authority. Although the pleadings are insufficient, because the parties have completed discovery, the court will convert Bryant's motion to a motion for summary judgment, and will give Zavala until January 23, 2019 to present any evidence he believes supports his claims against Bryant. Bryant's response, if any, is due on January 31, 2019.

  B. <u>Claims against the Prospect Mining Defendants</u>

    1. *Title VII Claims*

The Prospect Mining Defendants argue correctly that Zavala's Title VII claims against them are untimely. Doc. 44 at 2-6. Title VII requires an employee to exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC prior to filing a lawsuit. *See* 42 U.S.C. § 2000e-5. For a charge to be timely in Alabama, a non-deferral state, an employee must file it within 180 days of the alleged discriminatory conduct. *Id.* at § 2000e-5(3)(1); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 846 (11th Cir. 2000). Then, if the EEOC closes its file on the charge and issues a right-to-sue letter, "the employee must file a complaint within 90 days of the receipt of the right-to-sue letter." *Bost*

5

*v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004). *See also* 42 U.S.C. § 2000e-5(f)(1).

In this case, Zavala filed a charge of discrimination against the Maxine Pratt Mine on November 14, 2016, doc. 22-1, and the EEOC issued a right-to-sue letter on January 11, 2017, doc. 8 at 7.[2] Zavala did not file this action until nearly a year later. *See* doc. 1. Thus, as the court previously found, *see* doc. 14, Zavala failed to sue, as he must, within 90 days of receiving his right-to-sue letter. *See Bost*, 372 F.3d at 1238.[3] As a result, even assuming the EEOC charge against the Maxine Pratt Mine could support Title VII claims against the Prospect Mining Defendants, any Title VII claims based upon that charge are due to be dismissed as untimely.

---

[2] The EEOC sent a copy of the letter to Warrior, and Prospect received the letter on January 17, 2017. Doc. 8 at 7. The court may consider Zavala's charges of discrimination and the right-to-sue letters, in ruling on the motion to dismiss. *See Tillery v. United States Dept. of Homeland Security*, 402 Fed. Appx. 421, 425 (11th Cir. 2010) ("[I]n ruling on [the] Rule 12(b) motion to dismiss based solely on exhaustion of administrative remedies . . . , the district court did not err in considering evidence outside the pleadings or in making fact findings as to exhaustion.").

[3] Zavala alleges that he received the right-to-sue letter on November 10, 2017. Doc. 38 at 1. However, he does not dispute that the authenticity of the right-to-sue letter attached to Bryant's motion to dismiss, or that the EEOC issued the letter on January 11, 2017. *See* doc. 8 at 7. Moreover, based on the three-day "mailbox rule," the court may reasonably presume that Zavala received the letter three days from when it was issued. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (presuming that a right-to-sue letter was received three days after it was issued). Accordingly, because Zavala's allegation that he received the letter on November 10, 2017 is contradicted by the letter itself, the court need not accept the allegation as true. *See Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, [] especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.").

Zavala attempted to remedy his failure to timely file this lawsuit by filing new charges of discrimination against the Prospect Mining Defendants on April 17, 2018. Doc. 44 at 14, 17, 20. Each of those charges is almost identical to the charge Zavala filed against the Maxine Pratt Mine in 2016 and are based on discriminatory conduct that occurred between June 1 and November 2, 2016. *See id*. Because Zavala filed his new EEOC charges more than 180 days after the alleged discriminatory acts, the EEOC dismissed the charges as untimely the same day Zavala filed them. *See id.* at 15, 18, 21; *see also* 42 U.S.C. § 2000e-5(e)(1). Consequently, Zavala's Title VII claims based on those charges are due to be dismissed for failure to exhaust his administrative remedies. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001); *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999).

Because Zavala failed to timely file suit after receiving his first right-to-sue letter and because his subsequent EEOC charges were untimely, Zavala's Title VII claims against the Prospect Mining Defendants are due to be dismissed with prejudice.

2. *Zavala's Remaining Claims*

The Prospect Mining Defendants argue next that all of Zavala's remaining claims against them should be dismissed because his Amended Complaint is "vague, conclusory, and fails to state a claim upon which relief could be granted."

Doc. 44 at 6-8. Alternatively, they ask the court to order Zavala to re-plead his claims pursuant to Rule 12(e). *Id.* at 9. In particular, the Prospect Mining Defendants argue that because Zavala refer to them and Alaco collectively as the "Corporate Defendants," it is impossible for them do determine the basis of his claims against them. Doc. 44 at 8. However, Rule 8 does not prohibit a plaintiff from referring to defendants collectively. *See* Fed. R. Civ. P. 8. Accordingly, a complaint that makes allegations against defendants collectively may survive a Rule 12(b)(6) motion if it gives each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *See Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010) (quotation omitted).

Turning to the specifics here, Zavala alleges that the Prospect Mining Defendants and Alaco are joint employers and that they operated and managed the Maxine-Pratt Mine "under a business venture to exploit and/or administer the business of the Mine jointly." Doc. 38 at 3, 6-7. According to Zavala, the Prospect Mining Defendants and Alaco also employed and had authority over Sexton, who harassed and sexually assaulted Zavala. *Id.* at 6-7. Zavala, who is Hispanic foreign national, further alleges that Sexton targeted Hispanic males for sexual harassment and abuse. *Id.* at 3, 8. Zavala reported the harassment and assault to the superintendent of the mine, who was also employed by the Prospect Mining Defendants and Alaco, but the Prospect Mining Defendants took no actions

8

against Sexton. *Id.* at 8-10. Rather, Sexton increased Zavala's work schedule to more than 10-11 hours per day and threatened to terminate him. *Id.* at 11. Subsequently, the Prospect Mining Defendants and Alaco discharged Zavala. *Id.* at 9, 11. Finally, Zavala alleges that the Prospect Mining Defendants and Alaco ignored his complaints because he is Hispanic and that they promptly investigated "[c]laims of any nature made by non-Hispanic" employees. *Id.* at 14.

These allegations are sufficient to place the Prospect Mining Defendants on notice about the alleged misconduct that is the basis for this lawsuit. Moreover, the allegations belie the Prospect Mining Defendants contention that Zavala made no specific allegations that they knew of any protected activity by him or that they took any specific adverse action against him. As a result, the Prospect Mining Defendants have not shown that Zavala's claims are due to be dismissed simply because he referred to them and Alaco collectively.

At the motion to dismiss stage, Zavala need only provide a "short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Construing Zavala's allegations as true, and with the charge that the court must construe pleadings "so as to do justice," Fed. R. Civ. P. 8(d)-(e), the court finds that Zavala has pleaded sufficient facts to allow his Section 1981 and state law claims against the Prospect Mining Defendants to survive a motion to dismiss.

## IV. CONCLUSION

For all these reasons, Bryant and the Prospect Mining Defendants' motion to dismiss, doc. 44, is **GRANTED** as to Zavala's Title VII claims against the Prospect Mining Defendants, and these claims are **DISMISSED WITH PREJUDICE**. In all other respects, the motion to dismiss is **DENIED**.

**DONE** the 11th day of January, 2019.

                                            **ABDUL K. KALLON**
                                        UNITED STATES DISTRICT JUDGE